714 S.E.2d 285

**In the Matter of Tammie Lynn HOFFMAN, Respondent.**

No. 27022.

Supreme Court of South Carolina.

Submitted July 7, 2011.

Decided Aug. 8, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Tammie Lynn Hoffman, of North Charleston, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand or definite suspension not to exceed two (2) years. In addition, she agrees to complete the South Carolina Bar's Legal Ethics and Practice Program Ethics School and Trust Account School within one (1) year of the issuance of a sanction and before filing a Petition for Reinstatement, if a suspension is imposed. Respondent also

agrees to pay the costs incurred by ODC and the Commission on Lawyer Conduct (the Commission) in the investigation and prosecution of this matter. We accept the Agreement and impose a definite suspension of two (2) years, order respondent to complete the South Carolina Bar's Legal Ethics and Practice Program Ethics School and Trust Account School within one (1) year of the date of this opinion and before filing a Petition for Reinstatement, and direct respondent to pay the costs incurred by ODC and the Commission in the investigation and prosecution of this matter. The facts, as set forth in the Agreement, are as follows.

## FACTS

### Matter I

Respondent represented Client A, a veteran, in a disability appeal before the United States Court of Appeals for Veterans Claims. She failed to respond to three orders of the Court and, as a result, the appeal was dismissed.

Respondent maintains she had not heard from Client A for an extended period of time and he was not responding to her letters. She did not, however, move to be relieved or ask the Court to hold the appeal in abeyance.

Client A asserts he did not receive respondent's letters and, although he was in a coma during a portion of the representation, his family was available to respond to respondent. Respondent failed to notify Client A that his appeal had been dismissed.

### Matter II

Respondent represented Client B, another veteran, in a disability appeal before the United States Court of Appeals for Veterans Claims. Respondent failed to comply with the Court's rules in several respects and, when she failed to correct these deficiencies, the Court dismissed the appeal.

Respondent asserts she failed to respond to some Court directives and orders because the Clerk's Office sent mail to her at an old address and, later, to an incomplete address. Respondent was aware of the communication problem and asserts she notified the Clerk's Office by telephone. However,

when the problem continued, rather than notifying the Clerk's Office of the problem in writing, she relied on updates from Client B and sporadic reviews of the Court's docketing system to keep track of the progress of the appeal.

After learning of the dismissal, respondent moved to reinstate the appeal. The Court held respondent's motion in abeyance pending her compliance with Court rules. Respondent failed to fully comply with the Court's rules and the Court issued a final order dismissing the appeal. Thereafter, the Court received and rejected respondent's brief. Respondent failed to inform Client B that his appeal had been dismissed.

Additionally, although respondent advised the Court that she represented Client B *pro bono*, she admits Client B paid her $100.00. Respondent issued a refund check to Client B during ODC's investigation, but he declined to cash the check.

### Matter III

Client C hired respondent to handle an estate. During the representation, the estate sold two residential rental properties. The first sale netted proceeds totaling $95,585.51 which the closing attorney disbursed to respondent as attorney for the estate. Rather than deposit the proceeds into her trust account as required by Rule 417(b)(1), SCACR, respondent deposited $88,585.51 into her trust account and took the remaining $7,000 in cash. She maintains she intended to use the cash to purchase certified funds to pay the estate's creditors. Instead, however, she issued checks on the trust account to pay the estate's creditors.

After paying the estate's creditors, respondent was holding $81,375.99 in her trust account and the $7,000 she had not deposited into the trust account. Several months later, the balance in respondent's trust account was $47,858.59. Respondent explains that, in addition to paying the estate's creditors, she paid herself $17,000 in legal fees and an additional $12,000 in error. Respondent is unable to account for the remaining $4,517.40 missing from the trust account.

The estate's second property was sold for substantially less than the mortgage balance and, as a result, respondent was required to transfer $64,916.76 to the attorney who closed that transaction. In the ten days before the transfer, respondent

deposited $25,500 into her trust account in four deposits. These funds were from personal sources and were not associated with any client or third party for whom respondent was holding money in trust.

When respondent issued her final billing statement to Client C, it did not reflect any payments she had made to herself, the $7,000 she failed to deposit, or a $400 payment Client C made to her at the onset of representation.

During the investigation of this matter, ODC issued a subpoena for respondent's financial records maintained pursuant to Rule 417, SCACR. Although respondent provided multiple responses to the subpoena, the records were incomplete. She was unable to produce a complete copy of her receipt and disbursement journal, copies of her check stubs, records of her deposits, client ledgers, or reconciliation reports for the period of time she held funds for the estate. Respondent also failed to retain copies of the invoices she contends she regularly provided to Client C in accordance with the fee agreement. Further, although Client C requested an accounting of the funds held by respondent, respondent was unable to demonstrate that she ever provided Client C an accounting of the funds held in trust.

Additionally, a review of available trust account records revealed that, on at least one occasion, respondent withdrew funds from her account for her fees in cash and without identifying the representation associated with the fees. Respondent also issued checks in connection with real estate matters her office handled without identifying the specific property involved.

### LAW

Respondent admits that her misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law). In addition, respondent admits she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR:

Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep client reasonably informed about status of a matter, promptly comply with reasonable requests for information, and explain matter to extent reasonably necessary to permit client to make informed decisions regarding the representation); Rule 1.15(a) (lawyer shall hold property of clients that is in lawyer's possession in connection with a representation separate from lawyer's own property; complete records of such account funds and other property shall be kept by lawyer and shall be preserved for a period of six years after termination of the representation; lawyer shall comply with Rule 417, SCACR); Rule 1.15(d) (upon request by client, lawyer shall promptly render a full accounting regarding funds held by lawyer for client); Rule 3.3 (lawyer shall not knowingly make false statement of fact to tribunal); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice). Respondent further admits she failed to comply with the financial recordkeeping, depository, and withdrawal requirements imposed by Rule 417, SCACR.

## CONCLUSION

We accept the Agreement for Discipline by Consent and impose a definite suspension of two (2) years. Within one (1) year of the date of this opinion and before she files a Petition for Reinstatement, respondent shall complete the South Carolina Bar's Legal Ethics and Practice Program Ethics School and Trust Account School Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred by ODC and the Commission in the investigation and prosecution of this matter. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.