# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Tammie Lynn Hoffman, Respondent.

Appellate Case No. 2014-002701

---

Opinion No. 27493
Submitted February 3, 2015 – Filed February 11, 2015

---

## DISBARRED

---

Lesley M. Coggiola, Disciplinary Counsel, and Julie K. Martino, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Tammie Lynn Hoffman, of Magnolia, Texas, pro se.

---

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension of nine (9) months or more or disbarment. In addition, respondent agrees to pay the costs incurred in the investigation and prosecution of this matter within thirty (30) days of the date of the imposition of discipline.  We accept the Agreement and disbar respondent from the practice of law in this state.  Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the date of this opinion.  The facts, as set forth in the Agreement, are as follows.

## Facts

On August 27, 2008, John Doe, a Nevada resident, wired $25,000.00 to respondent's trust account.  Doe believed he was entering into an investment with

Tom Roe, a third party ("Third Party"). Third Party told Doe via email that he would purchase a collateral mortgage obligation (CMO) on Doe's behalf and that Doe's funds would triple in three to five business days. Third Party also informed Doe that the investment was backed by real estate to match Doe's initial investment, but did not elaborate on this statement. Third Party assured Doe that the deal was solid because a law firm would type up and notarize the documents. Third Party instructed Doe to wire the money to respondent's trust account and Doe transferred the money as instructed.

Doe's money was apparently never invested and was never returned. On August 27, 2008, the same day Doe's $25,000.00 was wired into respondent's account, $24,750.00 was transferred out of the trust account. The recipient of these funds is unknown. On August 28, 2008, the remaining $250.00 was transferred to an unknown recipient.

On January 22, 2009, another $25,000.00 was transferred to respondent's trust account. The source of these funds is unknown.

Three checks from respondent's trust account bearing respondent's signature were written on January 22, 2009. These checks, #1002 for $8,500.00, #1003 for $8,500.00, and #1004 for $5,700.00, were made out to Third Party for a total of $22,700.00. Respondent denies writing these checks and denies any knowledge of Third Party or Doe.

Doe attempted to contact respondent to determine what happened to his money and to the property that allegedly secured the transaction. Respondent did not respond to Doe. She alleged she had no contact with Doe and that she had moved out of South Carolina by the time Doe filed the complaint against her.

Respondent informed ODC that a former paralegal used her trust account for these transactions without her knowledge or consent. Respondent stated that these funds were deposited into her trust account and disbursed without her knowledge.

Respondent failed to comply with a subpoena for her trust account records and for her paralegal's employment records. Respondent failed to provide bank statements, client ledgers, journals, reconciliations, cancelled checks, or deposit records, all of which were requested pursuant to a subpoena dated May 21, 2012. Respondent failed to provide any employment records pertaining to the paralegal respondent alleged used her account without her knowledge. Respondent did not provide a response to the subpoena.

Respondent failed to appear for interviews scheduled for February 28, 2013, and April 2, 2013, pursuant to Rule 19(c), RLDE.

## Law

Respondent admits that by her conduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR:  Rule 1.15 (lawyer shall safeguard property of clients or third persons); Rule 5.3 (lawyer shall adequately supervise non-lawyer staff to ensure non-lawyer conduct compatible with professional obligations of lawyer); Rule 8.1(b) (lawyer shall not knowingly fail to respond to demand for information from disciplinary authority); and Rule 8.4(d) (it is misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation).

Respondent also admits she has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR:  Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct); Rule 7(a)(3) (it shall be ground for discipline for lawyer to willfully fail to comply with subpoena issued under RLDE or knowingly fail to respond to lawful demand from disciplinary authority to appear pursuant to Rule 19, RLDE); Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate the oath of office taken to practice law in this state and contained in Rule 402(k), SCACR).

## Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state.[1]  Within thirty (30) days from the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.  Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court

---

[1] On August 8, 2011, the Court suspended respondent from the practice of law for two years.  In the Matter of Hoffman, 393 S.C. 630, 714 S.E.2d 285 (2013).  Respondent has not been reinstated.

showing that she has complied with Rule 30 of Rule 413, SCACR, and shall also surrender her Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**